## Marshall's Administrator v. Corinth Bank & Trust Company.

(Decided November 20, 1928.)

### Appeal from Lyon Circuit Court.

1. Bills and Notes.—When partner's check for firm notes, secured by lien on lumber, was not paid, debt remained, and was evidenced by unpaid check no less than it was originally by notes.

2. Banks and Banking.—Where partner gave check for firm notes, with knowledge that he had no money in drawee bank, and executed firm note and had proceeds thereof, with balance to firm's credit, transferred to his credit to cover check, there was mere change in form of indebtedness, not affecting payee bank's lien on lumber, pledged to it to secure payment of original notes, until debt evidenced thereby was satisfied.

3. Partnership.—The partnership is dissolved by the death of one of the partners.

4. Partnership.—On death of partner, surviving partners had right to have partnership assets applied to payment of partnership debts.

5. Partnership.—On death of partner, creditors of partnership are entitled to enforce surviving partners' right to have partnership assets applied to payment of partnership debts.

6. Appeal and Error.—Objection that bank asserting lien on lumber, pledged to secure payment of notes, did not render full account of other collateral in its hands, cannot be considered on appeal, in absence of motion in circuit court for detailed statement and ruling thereon.

C. C. MOLLOY for appellant.

N. W. UTLEY for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

The Marshall Tie Company, on October 13, 1924, executed a note for $5,066.66, to the Corinth Bank & Trust Company, due in 60 days, and on October 27th it executed another note to the bank for a like amount, due in 60 days. In each note there was a provision pledging to the bank, to secure the payment of the note, the stocks of lumber on the yards of the tie company in Corinth, Miss., until the note was paid in full. E. D. Marshall, Homer Marshall, and George Land were partners doing business in the firm name of the Marshall Tie Company. E. D. Marshall practically owned the business. Homer Marshall and George Land each had a small interest in

it. The notes were not paid at maturity. On January 23, 1925, E. D. Marshall gave the Corinth Bank his check for $10,216.65, on the First National Bank of Princeton, in payment of above two notes. The bank forwarded the check in the usual way for collection. On January 25th E. D. Marshall had all the lumber on the yard at Corinth shipped to himself at Kuttawa, Ky. On January 29th Marshall executed to the Corinth Bank a note of the Marshall Tie Company for $5,000, he signing the firm name to it and also the name of the members of the firm, and he had the proceeds of this note credited to himself in the Corinth Bank. At that time the Marshall Tie Company had a balance to its credit in that bank of $3,400.88. Marshall had this transferred to his personal account, making in all to his credit at the close of that day, including what he had before deposited to his personal credit, $13,427.23. On January 30th Marshall was killed in Mississippi. After this the check on the Princeton bank was returned not paid for lack of funds, and the Corinth Bank then charged the amount of this check to Marshall's account; the amount of the check and other checks that had come in amounting to $13,427.23. The bank, when these entries were made, did not know anything about the shipment of the lumber on which it had a lien. It delivered to Marshall the two notes when he gave it his check for $10,216.65. On January 23d Marshall took the notes to the office of the Marshall Tie Company and left them there on the desk. After Marshall's death, George Land, one of the surviving members of the firm, finding the notes there and knowing that Marshall's check had been returned unpaid, delivered the notes to the bank. The bank then brought a suit in Kentucky, asserting its lien on the lumber. The administrator of Marshall's estate defended the suit on the ground that the bank had lost its lien for the debt. The bank had some other collateral which it collected. On final hearing the circuit court adjudged the bank a lien on the lumber for $1,675.57. The administrator appeals.

The case presents simply a controversy between a creditor of the firm and the individual creditors of E. D. Marshall; for E. D. Marshall died insolvent, and the firm was also insolvent. The two original notes were admittedly the debt of the firm and were secured by a lien on the lumber. When Marshall gave his check for these notes and the check was not paid, the debt remained and

was evidenced by the unpaid check no less than it had been originally by the two notes. In 21 R. C. L. p. 653, sec. 18, the rule is thus stated: .

> "The rule that a collateral security can be held or applied only upon the obligation which it was given to secure does not, however, prevent its retention for and application to the satisfaction of that obligation in any changed form. Thus though the principal debt is prosecuted to, and merged in, a judgment, the right to hold the security is not lost."

To same effect, see 31 Cyc. p. 821; Bank v. McNeil, 10 Bush 56; Jarboe v. Shiveley, 109 Ky. 406, 59 S. W. 328, 22 Ky. Law Rep. 968, 95 Am. St. Rep. 384; Mutual Bene fit Insurance Company v. First National Bank, 160 Ky. 538, 169 S. W. 1028. The facts show plainly that Marshall knew he had no money in the Princeton bank to pay the check when he gave it, and that he executed the $5,000 note and had its proceeds and the balance to the credit of the company transferred to his credit to cover the check when it came back. All this was a mere change in the form of the indebtedness and in no wise affected the lien of the bank on the lumber until its debt was satisfied. The partnership was dissolved by the death of Marshall. The surviving partners had a right to have the partnership assets applied to the payment of the partnership debts, and the creditor of the partnership was entitled to enforce this right. Black v. Bush, 7 B. Mon. 210. The $5,000 note was a debt of the partnership, and under all the facts was plainly executed simply to provide a fund for the payment of the check which Marshall anticipated would not be paid by the Princeton bank; for he was then insolvent. The judgment of the court in favor of the bank adjudging it a lien for the balance of its debt cannot therefore be disturbed.

It is insisted that the bank did not render a full account of the other collateral in its hands, but this objection does not appear to have been presented in the circuit court. There was no motion there for a detailed statement or ruling of the court thereon, and this objection cannot be first made here.

Judgment affirmed.